**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEONARD HOWARD MIKES,

        Petitioner - Appellant,

v.

STATE OF OKLAHOMA; R. D.
ANDREWS; and DENNIS
CUNNINGHAM,

        Respondents - Appellees.

No. 99-6079

(D.C. No. CIV-98-1055-T)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Petitioner-Appellant Leonard Howard Mikes' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner, a state prisoner appearing pro se, appeals the district court's

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

As a preliminary matter, we must decide whether this court has jurisdiction to hear Petitioner's appeal. The district court entered its Order Nunc Pro Tunc denying § 2254 relief on January 14, 1999. Pursuant to Federal Rules of Appellate Procedure 4(a)(1)(A), 26(a)(3), and 26(a)(4), Petitioner's notice of appeal was due on February 16, 1999, the Tuesday after a legal holiday (Presidents' Day). Petitioner's notice of appeal was docketed as filed on February 17, 1999. However, in response to a jurisdictional show cause order issued by this court, Petitioner submitted a return receipt from the post office indicating that he mailed an item to the district court on January 25, 1999. He also submitted a statement by a prison official indicating that he took Petitioner's paperwork to the mailroom on January 22, 1999. Therefore, pursuant to Rule 4(c) of the Federal Rules of Appellate Procedure, we hold that Petitioner's notice of appeal was timely. See Fed. R. App. P. 4(c) ("If an inmate confined to an institution files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day of filing."); Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that pro se prisoner's notice of appeal is deemed filed when it is delivered to prison officials for forwarding to the district court).

To determine whether Petitioner is entitled to a certificate of appealability, we now examine whether Petitioner has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). On July 31, 1998, Petitioner filed a § 2254 petition challenging his 1988 conviction of forcible oral sodomy after former conviction of a felony for which he received a sentence of 200 years' imprisonment. Concluding that the petition was time-barred and that Petitioner had alleged no basis for tolling, equitable or otherwise, the magistrate judge recommended dismissal. After considering Petitioner's objections and reviewing the matter de novo, the district court found that the petition was time-barred and entered an order of dismissal. As noted above, Petitioner subsequently filed a notice of appeal. The district court construed the notice of appeal as a request for a certificate of appealability pursuant to 28 U.S.C. § 2253 and denied it.

This court has reviewed Petitioner's briefs, the magistrate judge's report and recommendation, the district court's orders, and the entire record on appeal. Because Petitioner's § 2254 petition was due on April 23, 1997, see 28 U.S.C. § 2244(d)(1), and because no basis exists for tolling that one-year limitation period in this case, see Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1988), the district court properly determined that his petition is time-barred. We conclude that Petitioner has raised no arguments which require further proceedings, are

debatable among jurists, or are subject to a different resolution on appeal. <u>See</u> <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983). Accordingly, Petitioner has not made a substantial showing of a denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2). We therefore DENY Petitioner's request for a certificate of appealability for substantially the reasons set out in the report and recommendation of the magistrate judge, and we DISMISS this appeal. The request to proceed *in forma pauperis* is also DENIED.

Entered for the Court


Monroe G. McKay
Circuit Judge

-4-